ALBERTHA CORPORATION *vs.* MAURICE R. PREISS *et al.*

NOVEMBER 2, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action in assumpsit in which the declaration contains a count in *indebitatus* assumpsit on book account in the amount of $384.94 and also the common counts for $600. It was brought originally in a district court and later was tried before a jury in the superior court on appeal. By direction of the trial justice the jury returned a verdict in favor of the plaintiff for $546.61, being $384.94 plus accrued interest thereon. The case is now before us on a bill of exceptions by the defendants.

The case of the plaintiff corporation was based on a sublease by it to the defendants, husband and wife, of certain premises on the ground floor and in the basement of a certain building, of which the plaintiff was lessee; and the plaintiff sought to recover $350 for the rent payable by the defendants, according to the lease to them, for a certain month of the tenancy, and also to recover $34.94 for electricity furnished by the plaintiff to the defendants during that month.

There was no dispute as to the terms of the sublease or as to the amount due from the defendants thereunder, according to its terms, for the month in question and that it had not been paid; nor was there any dispute as to the charge for electricity for that month and that it had not been paid. The decisive issue upon which the case was tried in the superior court was raised by the plea in setoff in the amount of $425.25 for money which the defendants alleged they were obliged to pay for repairing damage caused by the plaintiff to the basement part of the sublet premises during the month for which the defendants had not paid the rent sought to be recovered by the plaintiff.

The defendants have made the contention before us that because their plea in setoff was neither demurred to nor traversed it could not be attacked at the trial. But the case, while it was in this situation, was assigned for trial on their motion and was, without objection by them, tried on the issue raised by this plea. Therefore we find no merit in this contention.

The only evidence introduced in defense was the testimony of the defendant wife, who stated that, during the month for which rent was not paid, the plaintiff caused parts of the walls inclosing the basement portion of the premises sublet to the defendants to be demolished and the electric lighting fixtures and some other equipment in that portion of the premises to be destroyed or greatly damaged, so that the defendants, in order to be able to use that basement for the purpose for which they were accustomed to use it, to wit, as a bargain basement, had to have and did have repairs and replacements made, the plaintiff having refused their demand that it do so.

Testimony by her was offered as to the sums which had been charged for such repairs and replacements by the persons who had made them for the defendants and which had been paid by the defendants. But on the objection of the plaintiff this testimony was excluded by the trial justice on the ground that she was not qualified to testify as to the reasonableness of such charges and that no other evidence was offered as to such reasonableness. The defendants' exception to this ruling by the trial justice was included in their bill of exceptions and was strongly pressed by them at the hearing before us.

No evidence was offered at the trial to show that this witness had the necessary knowledge and experience to qualify her to give such testimony. She did testify as to some efforts which she had made, without success, to obtain the testimony of the men who had made these repairs and replacements. But it was not shown that any effort had been made to get the testimony of any other person or persons who would be qualified to testify as to the reasonableness of such charges.

We find that there is no merit in this exception or any of the other exceptions taken by the defendants to refusals of the trial justice to permit the defendant wife to testify what she had paid for the repairs and replacements or to testify what the charges for them had been. She testified that she

had written a letter to the principal officer of the plaintiff corporation, in which she had set forth what she had paid for the repairs and replacements, and she tried to introduce in evidence what she said was a copy which she had made of that letter.

Apparently this was intended as a basis for the introduction of evidence that this officer had made no objection to the defendants' claim for reimbursement. But it was not shown that any notice had been given to this officer or to the plaintiff to produce the original letter. We therefore find that the exceptions taken by the defendants to the refusal of the trial justice to permit her to testify to the contents of such letter are without merit. See 1 Jones, Evidence 427; 2 id. 1107.

The defendant wife testified that she told this officer what the defendants had paid for the repairs and replacements in question and the defendants then sought to introduce testimony that he had made no objection to these payments as being excessive or unfair. They rely upon exceptions taken by them to several refusals of the trial justice to permit the introduction of such testimony. But under the circumstances, and especially as there was nothing to show that this officer admitted that the plaintiff was or would be liable by reason of any of such payments, we find no merit in any of these exceptions.

The defendants also offered evidence as to the effect which the changes made by the plaintiff in the premises sublet to the defendants had had in reducing the profits from the business carried on by them in those premises. This offered evidence was excluded by the trial justice and they excepted to this ruling. We find no merit in this exception, since no such reduction in profits was in issue under the pleadings in the case.

We have considered the other exceptions taken by the defendants before the direction by the trial justice of a verdict for the plaintiff and find that there is no merit in any of them.

When the evidence was closed there was no evidence before the jury in support of the defendants' plea in setoff. As above stated, the merit of that plea was the only issue at the trial; and we therefore find that the defendants' exception to the direction to the jury to return a certain verdict for the plaintiff should be overruled.

All of the defendants' exceptions are overruled and the case is remitted to the superior court for the entry of judgment for the plaintiff in accordance with the verdict as returned by the jury.

*Max Winograd, William J. Carlos,* for plaintiff.
*Frank H. Wildes,* for defendant.